JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 08-03913 SJO (VBKx)     **DATE:** June 20, 2008

**TITLE:** Anaid Zakarian v. Fidelity and Guaranty Life Insurance Company, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                    Not Present
Courtroom Clerk                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANT:**
Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER REMANDING ACTION TO STATE COURT

       Following Plaintiff Anaid Zakarian's voluntary dismissal of nondiverse Defendant Avetik Varidanyan, Defendant OM Financial Life Insurance Company (formerly known as Fidelity and Guaranty Life Insurance Company and erroneously sued as Old Mutual Financial Network) removed this case to this Court based on diversity of citizenship.[1] The case involves the failure of Defendant to pay a death benefit allegedly owed to Plaintiff.

       Defendant claims that the case meets the $75,000 amount in controversy requirement based on Plaintiff's "numerous settlement demands, the last of which was for $500,000." (Wang Decl. ¶ 2.) Although a settlement letter may provide evidence of the amount in controversy, the settlement letter must "appear[] to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Defendant offers no evidence – other than Plaintiff's settlement offer – that this case is worth more than $75,000. The underlying death benefit in this case is for $25,000. (*See* Notice of Removal Ex. 1, at 42.) Accordingly, Plaintiff's settlement offer does not meet Defendant's burden to establish the amount in controversy.

       This case is REMANDED to Los Angeles Superior Court.

       IT IS SO ORDERED.

---

[1] Defendant has not established diversity of citizenship. This Court's Initial Standing Order notifies the removing party that the notice of removal must analyze citizenship under the six factors outlined in *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990). Defendant conclusorily states that it "was, and now is, a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland." (Notice of Removal ¶ 6.)